Matter of Trusewicz v Delta Envtl. (2019 NY Slip Op 09336)





Matter of Trusewicz v Delta Envtl.


2019 NY Slip Op 09336


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527546

[*1]In the Matter of the Claim of Roman Trusewicz, Appellant,
v
Delta Environmental et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Geoffrey Schotter, New York City, for appellant.
Peter Cusick, State Insurance Fund, New York City (Anthony Obiajulu of counsel), for State Insurance Fund and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed June 8, 2018, which denied claimant's request to limit his medical release.
In October 2017, following years of working as an asbestos handler, claimant filed a claim for workers' compensation benefits alleging injuries to his back, left knee, left ankle, hands, arms and right hip resulting from the prolonged and repetitive use of these body parts. On the claim form, he indicated that he first obtained treatment for these injuries from physician Mark Kaminski in 2011. However, he answered "no" to the question asking him if he remembered having another injury to the same body part or a similar illness. If he had answered "yes" to this question, he would have been required to disclose the names and addresses of the doctors who had treated him and to complete and file a C-3.3 medical release form.
At a December 2017 hearing, claimant testified that, eight or nine years earlier, he received medical treatment from Kaminski for his back, left knee, left ankle, arms and right hip. He further stated that he obtained medical treatment for his spine from a neurologist in April 2015 and had previously treated with an orthopedic surgeon. At the hearing, the parties engaged in an extended discussion concerning claimant's provision of a Health Insurance Portability and Accountability Act (hereinafter HIPAA) medical release form to facilitate the production of his medical records. During this discussion, the Workers' Compensation Law Judge (hereinafter WCLJ) indicated that only the medical records involving the claimed sites of injury were subject to production and that those concerning claimant's treatment for other conditions, such as his heart and lungs, were not at issue. Because the HIPAA medical release form to be utilized referred to "[a]ny and all treatment records," claimant requested the WCLJ to limit its scope.[FN1] The WCLJ declined to do so. In her decision, the WCLJ directed claimant "to produce prior treatment records for any claimed sites" and "to sign HIPAA," noting "claimant['s] exception to not limiting HIPAA release." Claimant filed an application for review, and a panel of the Workers' Compensation Board upheld the WCLJ's decision. Claimant appeals.
The Board's regulations provide that a limited release is a "limited authorization to obtain relevant medical records regarding the prior medical history of the body part or illness at issue" (12 NYCRR 300.37 [b] [1] [iii]). It is applicable "if the claimant files a completed employee claim form and indicates on the form that he or she had a prior injury to the same body part or similar illness to the one(s) listed on the form" (12 NYCRR 300.37 [b] [1] [iii]). There is no question that, prior to filing his claim, claimant received medical treatment from various physicians for the same sites of injury dating back to at least 2011. It is evident from the record and the briefs that both parties agree that the employer is entitled to claimant's past medical records for the claimed sites. That said, claimant maintains that the Board erred in requiring him to sign an open-ended HIPAA release, without limiting that release to treatment records pertaining to the claimed sites. Although the employer would certainly be entitled to the medical records of all providers, once identified, who treated the claimed sites, the fact remains that claimant was only obligated to provide a limited release for those providers. As such, we agree with claimant that the Board erred in directing him to provide an unlimited medical release.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs.



Footnotes

Footnote 1: Notably, the HIPAA medical release form is not included in the record.